UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. PEREIRA, Chapter 7 Trustee for the :
bankruptcy estate of Pawel Capala, :
 :
                        Plaintiff, : MEMORANDUM &
 : ORDER
   -against- : 17-CV-3434 (ILG) (SMG)
 :
PAWEL CAPALA, JENNIFER CAPALA, and :
FIRE HILL HOLDINGS, LLC, :
 :
                       Defendants. :
 :
------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

       This case arises out of defendant Pawel Capala's ("Pawel") alleged fraudulent transfer of assets and subsequent declaration of bankruptcy. On June 8, 2017, plaintiff John S. Pereira, Chapter 7 Trustee for the bankruptcy estate of Pawel, brought this case to avoid various alleged fraudulent transfers of property and recover the properties on behalf of the estate. Complaint ("Compl."), Docket Entry 1. Pursuant to an Order entered by the Bankruptcy Court, the reference to that Court was withdrawn to permit the Trustee to pursue this fraudulent conveyance litigation here. Compl. Ex. A, Docket Entry 1-3.

       Defendants Pawel Capala, Jennifer Capala ("Jennifer") and Fire Hill Holdings, LLC ("Fire Hill") jointly filed a single answer on September 6, 2017, and were at that time each represented by attorney Gabriel Del Virginia. Answer, Docket Entry 10. On February 26, 2018, Jennifer and Fire Hill (hereinafter collectively "defendants") moved to substitute Michael D. Assaf as their counsel in place of Mr. Del Virginia, in part because they claimed to "have become aware that pleadings made on their behalf by outgoing counsel did not and do not

contain a full explication and pleading of all defenses available to them." Motion to Substitute Attorney ¶ 4, Docket Entry 28. The Court granted defendants' motion to substitute on the same day. Order Granting Motion to Substitute Attorney.

Defendants Jennifer Capala and Fire Hill now seek leave to amend their answer. Defendants' Motion to Amend ("Defs.' Mot."), Docket Entry 34. For the reasons that follow, defendants' motion for leave to amend is granted.

## FACTS

In a previous action for violations of wage and labor laws, two judgments were entered against Pawel Capala, Robert Capala, and Capala Brothers, Inc., in the amounts of $293,212.41 (entered on June 19, 2013), and $582,578.50 (entered on August 4, 2014).[1] Compl. ¶¶ 14-15. Those judgments remain unsatisfied.

Plaintiff alleges that on June 3, 2013, approximately two weeks before the first judgment was entered, Pawel and Jennifer transferred their 100% joint interest in the following two properties for no consideration to Fire Hill Holdings, a newly-created New York limited liability company, *id.* ¶ 20, of which Jennifer is the sole member, *id.* ¶ 21:

1. Property located at 246 Frost Street, Brooklyn (the "Frost Street Property"), valued at approximately $2.5 to $3.0 million. *Id.* ¶¶ 20, 22; and

2. Property consisting of 13 undeveloped acres on Stagecoach Road, Hillsdale, New York (the "Hillsdale Property"), valued at approximately $100,000. *Id.* ¶¶ 23-24.

Plaintiff further alleges that on the same date, June 3, 2013, Pawel and Jennifer "entered into what appears to be a Separation and Property Settlement Agreement, whereby [Pawel] agreed to transfer his interest in the real property located at 152 Fire Hill Road, Spencertown, New York

---

[1] *See Gortat, et al., v. Capala Bros., et al.,* 07-cv-3629, Docket Entries 383 and 423.

2

(the 'Fire Hill Property')" together with the Frost Street and the Hillsdale properties, "to [Jennifer], free and clear of any right, title and interest of [Pawel]." *Id.* ¶ 25. Plaintiff estimates the value of the Fire Hill Property to be approximately $350,000. *Id.* ¶ 26.

Plaintiff contends that Pawel and Jennifer transferred Pawel's interest in the properties with intent to defraud creditors, as demonstrated by the fact that the transfers were made on June 3, 2013, a mere two weeks before the first judgment in *Gortat* was entered, *id.* ¶ 29, and at a time when Pawel had known creditors, *id.* ¶ 31. Plaintiff's complaint demands judgment against Pawel, Jennifer, and Fire Hill, jointly and severally, voiding the transfers of the properties and ordering these defendants to turn the properties over to plaintiff or pay plaintiff an amount equal to their fair market value. *Id.* at 18.

Defendants Jennifer and Fire Hill seek leave to amend their answer to assert defenses that are unique to them and do not apply to Pawel. These defendants suggest that predecessor counsel did not represent them effectively, in part because of the conflict inherent in representing Pawel and Jennifer simultaneously. These defendants contend that, as a result of that conflict, the initial answer "do[es] not contain a full explication and pleading of all substantive and material defenses available to them." Defs.' Mot. ¶¶ 12-13. More specifically, Jennifer and Fire Hill seek to assert, among other defenses, that Jennifer received certain assets from Pawel, from whom she is estranged, pursuant to a separation and settlement agreement between them, and that Jennifer has substantial separate property interests in those assets. Proposed Amended Answer ¶¶ 9, 33, Docket Entry 34-3.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given "freely . . . when justice so requires." However, despite the liberality of the Rule, "motions to

amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A party opposing leave to amend on grounds of prejudice "has the burden of establishing that an amendment would be prejudicial." *Arnold v. Research Found. for the State Univ. of N.Y.*, 216 F. Supp. 3d 275, 283 (E.D.N.Y. 2016) (quoting *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994)).

> Leave to amend is liberally granted because
>
> [i]t is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'"

*Foman*, 371 U.S. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiff argues, though, that granting leave to amend in this case would result in undue delay and prejudice. Plaintiff's Memorandum in Opposition to Motion to Amend ("Pl.'s Mem.") at 6-10, Docket Entry 37. Specifically, plaintiff claims that defendants seek to raise new and separate claims that would "require expensive and time-consuming new discovery." *Id.* at 8.

As will be shown below, plaintiff has not met his burden to show undue prejudice or delay sufficient to warrant denial of the motion to amend. Moreover, denying leave to amend might preclude a resolution on the merits, because the amendments raise defenses that defendants' original counsel failed to assert, and which plaintiff does not contend should be

rejected as futile. Because the Court should "facilitate a proper decision on the merits," *Conley*, 355 U.S. at 48, defendants' motion is granted.

### I.      Nature of the Amendments

While "[p]rejudice is generally found where . . . the amendment brings entirely new and separate claims," *State Farm Mut. Auto Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) (internal quotation marks and citation omitted), amendments are permissible when they "aris[e] from the same set of operative facts as the original complaint," *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986). Here, the affirmative defenses raised in the amended answer all directly relate to plaintiff's allegations that the properties were fraudulently transferred. Defendants' Reply in Further Support of Their Motion to Amend ("Defs.' Reply") ¶ 4, 6, Docket Entry 41. The amendments do not propose to bring "entirely new and separate claims," but instead arise out of the facts alleged and claims asserted by plaintiff in his original complaint.

Furthermore, defendants have explicitly disclosed that the purpose of amending the complaint is to assert defenses identified by their new attorney but omitted by prior counsel. Defs.' Mot. ¶ 16. This Court has permitted amendments when "defendants' retention of new counsel . . . precipitate[d] new defense strategies." *Pfeffer v. Mark*, 2000 WL 516891, at *2 (E.D.N.Y. Mar. 16, 2000).

### II.      Burden of Additional Discovery and Timing of the Motion

As noted above, plaintiff's primary argument in opposition to defendants' motion is that the proposed amendments will require expensive and time-consuming new discovery. However, courts in this Circuit have consistently held that "[t]he burden of conducting additional discovery does not automatically constitute undue prejudice." *State Farm*, 246 F.R.D. at 149 (citing

*United States ex rel. Mar. Admin. v. Cont'l Ill. Nat. Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989)); *see also A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993))).

Thus, while additional discovery may be necessary if defendants are granted leave to amend, that alone is not reason to deny their motion. *See, e.g.*, *Versace*, 87 F. Supp. 2d at 299 ("[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'" (quoting *Foman*, 371 U.S. at 182)). In fact, the stage of these proceedings supports allowing leave to amend; discovery is ongoing, no trial date has been set, and plaintiff identifies no duplication of effort that would be required if amendment is permitted. *See, e.g.*, *State Farm*, 246 F.R.D. at 149 ("[Non-movants] will not suffer undue prejudice from the late timing of the amendments because the case is nowhere near resolution."); *Versace*, 87 F. Supp. 2d at 299 (finding no undue prejudice in part because "[n]o trial date has yet been set, nor has discovery been completed"); *Gem Glob. Yield Fund, Ltd.v. Surgilight, Inc.*, No. 04-cv-4451, 2006 WL 2389345, at *11 (S.D.N.Y. Aug. 17, 2008) ("Permitting defendants to amend . . . would not result in prejudicial delay to plaintiff. This is not a situation where a party filed its motion on the eve of trial." (distinguishing *Pereira v. Cogan*, No. 00-cv-619, 2002 WL 31496224 (S.D.N.Y. Nov. 8, 2002))).

The cases cited by plaintiff in which motions to amend were denied due to undue delay are distinguishable because, in those cases, discovery had been completed before leave to amend was sought. *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 126 (2d Cir. 2014) (affirming denial of motion to amend filed after the close of discovery and after defendant had

6

moved for summary judgment); *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming denial of motion to amend as the "case was near resolution and discovery had been completed"); *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) (affirming denial of motion to amend filed more than two years after the close of discovery). Here, in contrast and as noted above, no trial date has been set and discovery is ongoing. Indeed, at a conference held last June, the parties were explicitly instructed to proceed with discovery "on the assumption that [this motion] will be granted." Minute Entry dated June 5, 2018, Docket Entry 45.

## CONCLUSION

For the reasons stated above, defendants' motion for leave to amend is hereby GRANTED. Defendants may file their amended answer by September 13, 2018.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 6, 2018

*U:\Intern Work\2018\John Marcin\Pereira v. Capala, 17-cv-3434\Pereira v. Capala, Motion to Amend_FINAL.docx*