UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x

JOHN S. PEREIRA, Chapter 7 Trustee for the bankruptcy estate of Pawel Capala,

        Plaintiff,

v.

PAWEL CAPALA, JENNIFER CAPALA, and FIRE HILL HOLDINGS, LLC,

        Defendants.

------------------------------------- x

: Case No. 17-cv-03434-SMG
: **(Related proceeding to**
: **Case No. 07-cv-3629 (ILG))**
:
: ECF CASE
:
: DECLARATION OF
: SCOTT M. KESSLER
:  IN SUPPORT PLAINTIFF'S
: MOTION FOR SUMMARY
: JUDGMENT

      1.      Attached hereto as **Exhibit 1** is a true and correct copy of the Jury Verdict Entry on the Docket related to the May 13, 2013 jury verdict in Case No. 07-cv-3629 in Eastern District of New York (the "*Gortat* Litigation").

      2.      Attached hereto as **Exhibit 2** is a true and correct copy of the money judgment entered against defendant Pawel Capala, Robert Capala, and Capala Brothers, Inc. jointly and severally, for $293,212.41 in the *Gortat* Litigation (and the money judgment entered therein the "*Gortat* Judgment").

      3.      Attached hereto as **Exhibit 3** are true and correct copies of the incorporation documents for Defendant Fire Hill Holdings, LLC ("Fire Hill Holdings").

      4.      Attached hereto as **Exhibit 4** is a true and correct copy of a document entitled "Separation and Property Settlement Agreement," dated June 3, 2013 (the "First Separation Agreement").

      5.      Attached hereto as **Exhibit 5** is a true and correct copy of a document entitled "Separation and Property Settlement Agreement," also dated June 3, 2013, that is stamped as Received by the Country Clerk's office, stamped Received by the Chambers of Hon. Richard

47162356;5

Mott, and bears the index number of the Capala's divorce action (the "Second Separation Agreement," and the divorce action the "Divorce Action").

6. Attached hereto as **Exhibit 6** are true and correct copies of the transfer deeds related to the transfer by Jennifer Capala of the Hillsdale Property and the Frost Street Property from herself to Fire Hill Holdings.

7. Attached hereto as **Exhibit 7** is a true and correct copy of the Findings of Fact and Conclusions of Law (the "2013 FOF") entered by the Honorable Richard Mott on December 18, 2013, in the Divorce Action.

8. Attached hereto as **Exhibit 8** is a true and correct copy of the bankruptcy Petition filed by Pawel Capala on June 12, 2015.

9. Attached hereto as **Exhibit 9** is a true and correct copy of the Amended Judgment entered on February 13, 2017 by the District Court in the *Gortat* Litigation (the "Amended *Gortat* Judgment").

10. Attached hereto as **Exhibit 10** is a true and correct copy of the Report and Recommendation of Judge Gold dated November 6, 2018 (the "Gold R&R").

11. Attached hereto as **Exhibit 11** is a true and correct copy of the Joint 2012 Tax Return of Pawel Capala and Jennifer Capala.

12. Attached hereto as **Exhibit 12** is a true and correct copy of the Complaint filed on June 8, 2017 by the Plaintiff in this action, the Chapter 7 Trustee for the bankruptcy estate of Pawel Capala.

13. Originally, Mr. Gabe Del Virginia represented both Pawel Capala and Jennifer Capala in these proceedings. Defendants Jennifer and Pawel Capala failed to fulfill their discovery obligations for over six months, forcing Plaintiff to seek to compel discovery. *See*

D.E. 13. As Plaintiff's motion to compel was pending, Jennifer Capala and Fire Hill Holdings then substituted Mr. Assaf as counsel in mid-February 2018. *See* D.E. 22.

14. Attached hereto as **Exhibit 13** is a true and correct copy of the Amended Answer Complaint filed in this action on September 12, 2018.

15. On October 3, 2018, after the deposition of Defendant Jennifer Capala's expert, counsel for Defendant Jennifer Capala, for the first time, represented that the terms of the 2013 FOF and 2013 Divorce Judgment were erroneous.

16. At no point between the entry of the 2013 FOF and the 2013 Divorce Judgment in December 2013, and October 3, 2018, did any Defendant, nor any Defendants' counsel, assert that the terms of the 2013 FOF and/or the 2013 Judgment were erroneous.

17. Attached hereto as **Exhibit 14** is a true and correct copy of the motion filed by Defendant Jennifer Capala on October 23, 2018 (the "2018 Divorce Motion").

18. Attached hereto as **Exhibit 15** is a true and correct copy of the Corrected Findings of Fact and Conclusions of Law entered on November 8, 2013 in the 2013 Divorce Action.

19. Attached hereto as **Exhibit 16** is a true and correct copy of the Corrected Judgment of Divorce entered on November 8, 2013 in the 2013 Divorce Action.

20. At no point between the filing of the 2018 Divorce Motion and the entry of the 2018 Divorce Judgment did Defendants' counsel give notice to the Plaintiff that Defendants sought to nullify the 2013 Judgment of Divorce.

21. Attached hereto as **Exhibit 17** is a true and correct copy of the excerpt of the deposition transcript of the deposition of Jennifer Capala.

22. Attached hereto as **Exhibit 18** is a true and correct copy of excerpt of the deposition transcript of the deposition of Pawel Capala.

23. Attached hereto as **Exhibit 19** is a true and correct copy of the excerpt of the deposition transcript of the deposition of Gesine Krogh.

24. Attached hereto as **Exhibit 20** is a true and correct copy of the expert report of Defendant's expert, Robert Jones.

25. Attached hereto as **Exhibit 21** is a true and correct copy of the excerpt of the deposition transcript for the deposition of Defendant's expert, Robert Jones.

26. Attached hereto as **Exhibit 22** is a true and correct copy of the expert report of Plaintiff's expert, David L. Gresen.

Dated: New York, New York
December 7, 2018

**AKERMAN LLP**

By: */s/ Scott M. Kessler*
John P. Campo
Scott M. Kessler
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. No. (212) 880-3800

*Counsel for the Plaintiff John S. Pereira, Chapter 7 Trustee for the bankruptcy estate of Pawel Capala*