# ASSAF & SIEGAL PLLC

Sixteen Corporate Woods Boulevard
Albany, New York 12211-2350

| | | |
|---|---|---|
| MICHAEL D. ASSAF* <br> DAVID M. SIEGAL † <br><br> KATARINA M. DAVIS <br> MARISSA C. MCDONALD* <br><br> ALYSIA R. BAKER, OF COUNSEL ⚑ | Telephone: (518) 431-1000 <br> Fax: (518) 465-7200 <br> www.assafandsiegal.com <br> Writer's direct email: massaf@assafandsiegal.com <br> (*respond to Albany Office*) | Paralegal: <br> Kimberly M. McHugh <br><br> Legal Assistants: <br> Rene M. Giambona <br> Nicole M. Neidrauer |

*Also admitted in Massachusetts
†Also admitted in Florida

February 15, 2019

⚑Resident in Goshen
*Service By Facsimile Not Accepted*

**<u>Via ECF</u>**
Hon. Steven M. Gold
United States Magistrate Judge
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Pereira v. Capala, et al.***
Case No. 17 cv 3434(ILG)(SMG)

Dear Judge Gold:

As you will recall, a discovery dispute has arisen in this case regarding the plaintiff's request for communications between me and counsel Gabriel Del Virginia, Esq. in connection with the filing of a joint motion by our respective clients in Columbia County Supreme Court to re-settle the then existing Judgment of Divorce between them to more accurately reflect the terms and conditions of their Separation and Settlement Agreement dated June 3, 2013 and executed by them prior to the issuance of the Judgment of Divorce (the "Agreement"). The communications in question are several email communications between me and Mr. Del Virginia related to the State Court resettlement motion.

By order during a telephone conference held on December 20, 2018 (Doc. No. 73) this Court invited counsel to brief the issue of Plaintiff's entitlement to the above referenced communications between me and Mr. Del Virginia in discovery in this matter.

I previously wrote to you on this subject on my own behalf as well as on behalf of Mr. Del Virginia and our respective clients, Pawel and Jennifer Capala on January

---

*Florida Office:*
2191 Ringling Boulevard
Sarasota, FL 34237

*Goshen, NY Office:*
154 Main Street
Goshen, NY 10924
Telephone: (845) 294-LAWS (5297)/(845) 294-3074
Fax: (845) 294-3075

24, 2019 (Doc. 82).  Mr. Kessler responded to my letter on February 7, 2019 (the "Kessler Letter") (Doc. 93) and this letter is provided in reply to the Kessler Letter.

*Argument:*  In short, Defendants believe that the communications between their counsels at any stage of these proceedings and, particularly, in connection with the re-settlement of their Judgment of Divorce (which was performed during these proceedings and in aid of their mutual positions in these proceedings) is protected from disclosure by the Common Interest Doctrine. As you know, Defendants have jointly filed summary judgment motions in this case and have jointly responded to the Trustee's motion for summary judgement, all of which are presently *sub judice* before the Court as of the date hereof.

In response to the Kessler Letter, I incorporate the body of my previous letter for the sake of brevity so as not to repeat the lengthy presentation contained therein as well as all defined terms set forth therein.

The Kessler Letter is a textbook example of pretzel logic, or faulty and circular reasoning that cannot possibly stand up to reasonable scrutiny.  There can no question but that the Defendants have put forward a viable and ultimately correct objection to the request for disclosure under the Common Interest Doctrine under both Federal and State Law and Mr. Kessler's attempt to show the contrary is aimless, confusing, circular and contains no fact but only suspicion, conjecture and leaps of faith, none of which warrant invading this most important privilege.

In the first portion of the Kessler Letter, Mr. Kessler points out that in order for the common interest doctrine to apply, there must be pending or anticipated litigation.  I am certainly confused by Mr. Kessler's apparent position that the above-captioned litigation somehow does not apply or meet that "standard" and that the only thing the Court should consider standing alone, without reference to the present litigation, is the motion to resettle a divorce judgment in 2013, *particularly when a material subject of this litigation involves the divorce* and the actions the Capalas took in 2013 and that *a principal defense in this litigation* involves the application of this Court's ruling *In re: Zerbo*, 397 B.R. 642 (Bankr. E.D.N.Y. 2008), which requires the parties' judgment of divorce to properly incorporate their Agreement, which was the purpose of the resettlement motion. To suggest that these things are not part and parcel of this pending litigation is to eliminate the common interest doctrine altogether.

In the matter before this Court, the Trustee, through avoidance litigation, seeks to functionally set aside the parties' Agreement by clawing back into Pawel's bankruptcy estate the alleged "value" of transfers Pawel made in the context of this matrimonial proceeding.

As the Court knows, the State Court Judgment of Divorce initially issued in the context of the Capalas' matrimonial proceeding in December, 2013 contained various scrivener's errors, not the least of which was the reference to an incorrect date for the Agreement, which otherwise should have been incorporated into the Judgment of Divorce issued by the Court in December, 2013.

The motion to resettle the divorce judgment (which was where the subject communications between me and Mr. Del Virginia that the Trustee seeks took place) served only to correct the judgment in these respects to incorporate the Agreement of the parties and to properly state in the judgment the "opt out" by the parties of the statutory provisions of the Child Support Standards Act (DRL§240(1-b)) contained in the Agreement.

Let us not forget that the motion to re-settle was submitted to a State Supreme Court Judge, who examined the motion and ruled upon it, granting the motion *to correct mistakes in the State Court Judgment* that the Court acknowledged existed by granting the motion! The motion to resettle has been submitted to opposing counsel previously, and so the reasons for resettlement and the effect of the resettlement is utterly transparent at this point.

What communications between counsel in the context of the motion preparation could add to the transparency of the motion and decision itself is an enduring mystery and an unwarranted invasion of the privilege. To suggest that the communications resulting in the joint motion to resettle are the facilitating communications to a "crime" is, in a word, absurd, and implicates a New York State Supreme Court Judge as some type of co-conspirator as well. It is not a crime in any reasonable reading of the New York Penal Code to file a motion to correct obvious errors in a State Court civil judgment.

The purpose of the corrected judgment executed by the Columbia County Supreme Court, by its own terms, is to amend and restate the December, 2013 judgment to, *inter alia*, properly incorporate into the judgment the Agreement between Pawel and Jennifer as well as to properly set forth in the judgment the child

support provisions that the parties agreed to in the Agreement. The corrected judgment was issued *nunc pro tunc* to the date of the initial judgment of divorce. The Agreement, with respect to the transfers of property governed thereby, never changed by virtue of this motion. So, there is no "crime" of concealment or fraud here occasioned by this motion and the question as to whether there has been a DCL transfer that can be avoided has yet to be decided by this Court.  So, at this point, this claim by Mr. Kessler is materially frivolous and is, in a word, absurd.

Both Capalas share an interest in defeating the Trustee's claim that there was no consideration transferred for the properties under the Agreement and the motion to resettle is part and parcel of the overall defense in this case. Not only were the communications about the resettlement motion between Mr. Del Virginia and I related to our client's common interests, they were actually directed at furthering the common interest of our client's in defending actual claims made by the Trustee in the avoidance litigation at bar.   The only "crime" here is that my client was put to the expense of defending a truly meritless position articulated by this Trustee, who will stop at nothing to attempt to claim relief to which he is not entitled.

Therefore, and for all of the reasons discussed herein and in my prior letter on the subject, on behalf of Gabriel Del Virginia, Esq., his client, defendant, Pawel Capala and my client, defendant, Jennifer Capala, I respectfully request that the Court sustain the objection to plaintiff's request for discovery of communications the Trustee seeks made between Mr. Del Virginia and I in connection with the re-settlement motion.

Respectfully,

Michael D. Assaf

MDA/
cc:   Jennifer Capala *(via email)*
      John Campo, Esq. *(via ECF)*
      Scott Kessler, Esq. *(via ECF)*
      Gabe Del Virginia, Esq. *(via ECF)*
      Robert Wisniewski, Esq. *(via ECF)*